1  Laurence M. Rosen, Esq. (SBN 219683)
   THE ROSEN LAW FIRM, P.A.
2  355 South Grand Avenue, Suite 2450
   Los Angeles, CA 90071
3  Telephone: (213) 785-2610
   Facsimile: (213) 226-4684
4  Email: lrosen@rosenlegal.com

5
6  [Proposed] Lead Counsel for Plaintiffs

7              UNITED STATES DISTRICT COURT
              NORTHERN DISTRICT OF CALIFORNIA
8

| | |
|---|---|
| 9  TAI JAN BAO, Individually and on Behalf of All Other Persons Similarly Situated, | No. 14-cv-01435-BLF |
| 10 | **CLASS ACTION** |
| 11  Plaintiff, | **NOTICE OF MOTION AND MOTION OF FREDERIC PAILLARD LEPAGE FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; MEMORANDUM IN SUPPORT THEREOF** |
| 12  v. | |
| 13 | |
| 14  SOLARCITY CORPORATION, LYNDON R. RIVE, and ROBERT D. KELLY, Defendants. | |
| 15 | |
| 16 | |
| 17 | JUDGE: Beth Labson Freeman |
| 18 | Hearing Date: August 7, 2014 Time: 9:00 a.m. |
| 19 | Ctrm: 3, 5th Fl.  (San Jose) |

20
21     PLEASE TAKE NOTICE that on August 7, 2014, 9 a.m. before the Honorable Beth
22  Labson Freeman, 280 South First Street, San Jose, California, 95113, Frederic Paillard Lepage,
23  ("Movant") will, and does move this Court for an order: (a) appointing Movant as lead plaintiff;
24  and (b) approving Movant's selection of The Rosen Law Firm, P.A. as lead counsel.
25     This Motion is brought pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act
26
27  of 1934 ("Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B) on the grounds; (1) that Movant should
28

be appointed Lead Plaintiff for the class of securities purchasers of SolarCity Corporation ("SolarCity") during the period between March 6, 2013 and March 18, 2014, inclusive (the "Class Period") as the Movant has timely made this Motion, has the largest financial interest and otherwise satisfies the pertinent requirements of Federal Rule of Civil Procedure 23; and (2) that Movant's selection of The Rosen Law Firm, P.A. as Lead Counsel should be approved as the firm is well qualified and has extensive experience in cases of this type.

In support of this Motion, Movant files herewith a memorandum of points and authorities, the Declaration of Laurence Rosen, and a proposed order.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    CLAIMS ASSERTED

SolarCity sells renewable energy to its customers at prices below utility rates, primarily through the leasing or sale of solar energy systems. The Company claims that its long term agreements generate recurring customer payments and position SolarCity to provide a growing base of customers with energy-related products and services that lower their energy costs.

The Company operates in two primary segments, Operating Leases ("Leasing") and Solar Energy Systems Sales ("Sales"). Both segments receive a significant amount of revenues over recurring periods through customer payments, investment tax credits, accelerated tax depreciation and other incentives.

The Company offered its shares to the public for the first time in December 2012, and commenced a secondary offering in October 2013.

This action was commenced on March 28, 2014. That same day a PSLRA early notice was released advising potential class members of, among other things, the claims alleged in the action and the 60 day deadline for class members to move this Court to be appointed as lead

1

plaintiff. A copy of the early notice is attached as Exhibit 1 to the Declaration of Laurence M. Rosen filed herewith ("Rosen Decl." or "Rosen Declaration").

Throughout the relevant period, however, including at the time prior and subsequent to the Company's initial public offering, the defendants incorrectly accounted for expenses associated with the Company's larger Sales segment, and failed to properly allocate such expenses between the Sales and Leasing segments. The Company, which was under pressure from investors to demonstrate the strength of its solar energy operations, improperly allocated expenses between its two reporting segments in order to hide the Sales segment's ballooning expenses, thereby inflating the segment's reported gross margins.

Between March 6, 2013 and March 18, 2014 (the "Class Period") defendants made materially false and misleading statements regarding the Company's business, operational and compliance policies. Specifically, defendants made false and/or misleading statements and/or failed to disclose that: (i) the Company lacked adequate controls over financial reporting; (ii) the Company misclassified its reported expenses; (iii) the Company's prior financial statements required restatement; and (iv) as a result of the above, the Company's financial statements were materially false and misleading at all relevant times.

On March 3, 2014, the Company announced that it had discovered an error in its financial reporting, and discovered tens of millions in overhead expenses that it had incorrectly classified. Specifically, the Company stated that there would be a reallocation of overhead expenses from leased systems to system sales, which would affect the 2013 and 2012 GAAP financial statements.

2

As a result of defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

**ARGUMENT**

## II.   MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA sets forth procedures for the selection of Lead Plaintiff in class actions brought under the Exchange Act.  15 U.S.C. § 78u-4(a)(3)(B).  The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate.   15 U.S.C. § 78u-4(a)(3)(B)(i) and (ii).

The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the "person or group of persons" that:

(aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002).

As set forth below, Movant satisfies the above criteria, has the largest financial interest of any movant in this litigation, and is therefore the most adequate plaintiff and should be appointed as Lead Plaintiff.

### A.  Movant Is Willing to Serve as Class Representative

Movant has filed a complaint and has timely made his motion in response to a PSLRA early notice.  *See* Rosen Decl., Ex. 2.  Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the class.

### B.  Movant Has the Largest Financial Interest in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group … that . . . has the largest financial interest in the relief sought by the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii); *Cavanaugh*, 306 F.3d at 730.  While the PSLRA does not specify precisely how to calculate the "largest financial interest", the movant's approximate losses in the subject securities is the best measure.  *Richardson v. TVIA, Inc.*, 2007 WL 1129344 at * 4 (N.D. Cal. Apr. 16, 2007) (citing cases).

Movant lost $23,646.64 in connection with his purchases of SolarCity stock.  *See* Rosen Decl., Ex. 3 (Movant's Loss Chart).

Movant is not aware of any other movant that has suffered greater losses in SolarCity securities during the Class Period. Accordingly, Movant satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the class.

### C.     The Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

The PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure."   15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Federal Rule of Civil Procedure Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

4

(1)  the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and  (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In making its determination that a movant satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification – a *prima facie* showing that the Movant satisfies the requirements of Rule 23 is sufficient. *Cavanaugh*, 306 F.3d at 730-31.  At the lead plaintiff stage, "[t]he typicality and adequacy requirements of Rule 23 are the main focus…" and "[e]xamination of the remaining requirements [of Rule 23] are deferred until the lead plaintiff moves for class certification." *Richardson*, 2007 WL 1129344, at * 4 (citing *Cavanaugh*, 306 F.3d at 730)).

Movant fulfills all of the pertinent requirements of Rule 23.  Movant shares substantially similar questions of law and fact with the members of the class, and the Movant's claims are typical of the members of the class.  Movant and all members of the class allege that Defendants violated the Exchange Act by publicly disseminating false and misleading statements about SolarCity and its business.  Movant, as did all of the members of the class, purchased SolarCity securities at prices artificially inflated due to Defendants' misrepresentations and omissions, and was damaged thereby.  These shared claims also satisfy the requirement that the claims of the representative parties be typical of the claims of the class.

5

Thus, the close alignment of interests between Movant and other class members, as Movant's desire to prosecute this action on behalf of the class, provides ample reason to appoint the Movant as Lead Plaintiff.

**D.      Movant Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses**

The presumption in favor of appointing Frederic Paillard Lepage as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

> (aa) will not fairly and adequately protect the interest of the class; or
>
> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Movant's ability and desire to fairly and adequately represent the class has been discussed in Section C, above. Movant is not aware of any unique defenses that Defendants could raise against him that would render him inadequate to represent the Class. Accordingly, the Court should appoint Movant as Lead Plaintiff for the Class.

## III.      MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with the Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected The Rosen Law Firm, P.A. as Lead Counsel. The Rosen Law Firm, P.A. has been actively researching the class's and Movant's claims – reviewing publicly available financial and other documents and gathering information in support of the claims against the Defendants. Furthermore, the Rosen Law Firm, P.A. is experienced in the area of securities litigation and class actions, having been appointed as lead counsel in securities class actions in this District and in numerous courts throughout the nation. The firm has prosecuted

6

securities fraud class actions and other complex litigation and has obtained substantial recoveries on behalf of investors. The resume of the Rosen Law Firm, P.A. is attached as Exhibit 4 to the Rosen Declaration.

**IV.     CONCLUSION**

For the foregoing reasons, Movant respectfully requests that the Court issue an Order: (1) appointing Frederic Paillard Lepage as Lead Plaintiff of the class; (2) approving The Rosen Law Firm, P.A. as Lead Counsel; and (3) granting such other relief as the Court may deem to be just and proper.

Dated:   May 27, 2014                    Respectfully submitted,

THE ROSEN LAW FIRM, P.A.


/s/ Laurence Rosen
Laurence M. Rosen, Esq. (SBN 219683)
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

[Proposed] Lead Counsel for Plaintiff

NOTICE OF MOTION AND MOTION OF FREDERIC PAILLARD LEPAGE FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; MEMORANDUM IN SUPPORT THEREOF-- No. 14-cv-01435-BLF

**PROOF OF SERVICE**

I, Laurence M. Rosen, hereby declare under penalty of perjury as follows:

I am the managing attorney of the Rosen Law Firm, P.A., with offices at 355 South Grand Avenue, Suite 2450, Los Angeles, CA 90071.  I am over the age of eighteen.

On May 27, 2014, I electronically filed the following **NOTICE OF MOTION AND MOTION OF FREDERIC PAILLARD LEPAGE FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; MEMORANDUM IN SUPPORT THEREOF** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

I certify under penalty of perjury under the laws of the United States of America that the foregoing in true and correct.

Executed on May 27, 2014.

/s/ Laurence Rosen
Laurence M. Rosen

NOTICE OF MOTION AND MOTION OF FREDERIC PAILLARD LEPAGE FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; MEMORANDUM IN SUPPORT THEREOF-- No. 14-cv-01435-BLF