Lionel Z. Glancy (SBN #134180)
Michael Goldberg (SBN #188669)
**GLANCY BINKOW & GOLDBERG LLP**
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile:  (310) 201-9160
Email: info@glancylaw.com

Jeremy A. Lieberman
Francis P. McConville
**POMERANTZ LLP**
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile:  (212) 661-8665

*Counsel for Movant James Webb
and Proposed Lead and Liason Counsel for the Class*
*[Additional Counsel Listed on Signature Page]*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAI JAN BAO, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> SOLARCITY CORP., LYNDON R. RIVE, and ROBERT D. KELLY, <br><br> Defendants. | No. 14-cv-01435-BLF <br><br> **NOTICE OF MOTION AND MOTION OF JAMES WEBB FOR APPPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** <br><br> **CLASS ACTION** <br><br> Judge:  Hon. Beth L. Freeman <br> Hearing Date:  July 3, 2014 <br> Time:  9:00 A.M. <br> Courtroom:  #3 |

**NOTICE OF MOTION AND MOTION**

**TO:   ALL PARTIES AND THEIR COUNSEL OF RECORD**

**PLEASE TAKE NOTICE** that on July 3, 2013, at 9:00 A.M., before the Honorable Beth L. Freeman, in Courtroom 3, 5th Floor, located at the San Jose Courthouse, 280 South 1st Street, San Jose, CA 95113, James Webb ("Webb") by and through his undersigned counsel will, and hereby does, move this Court pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for the entry of an Order contemporaneously filed herewith.

Webb respectfully submits this motion, pursuant to Section 21D(a)(3) of the Exchange Act, 15 U.S.C. § 78u-4(a)(3), as amended by the PSLRA, for the entry of an Order: (1) appointing Webb as Lead Plaintiff on behalf of all persons who purchased or otherwise acquired securities of SolarCity Corporation ("SolarCity" or the "Company") between March 6, 2013 and March 18, 2014, both dates inclusive (the "Class Period"); (2) approving Lead Plaintiff's selection of Pomerantz LLP ("Pomerantz") as Lead Counsel and Glancy Binkow & Goldberg LLP ("Glancy") as Liaison Counsel for the Class; and (3) granting such other and further relief as the Court may deem just and proper.

In support of this motion, Webb submits a Memorandum of Points and Authorities, the pleadings and other filings herein, and such other written and oral arguments as may be presented to the Court.

This motion is made on the grounds that Webb is the most adequate plaintiff, as defined by the PSLRA, based on his losses of $233,386, which was suffered as a result of defendants' wrongful conduct as alleged in the above-referenced action. Further, Webb satisfies the requirements of Rule 23(a) of the Federal Rules of Civil Procedure, as his claims are typical of other Class members' claims, and he will fairly and adequately represent the interests of the Class.

i

NOTICE OF MOTION AND MOTION OF JAMES WEBB FOR APPPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL – NO. 14-CV-1435-BLF

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. STATEMENT OF ISSUES TO BE DECIDED

Pursuant to the PSLRA, the court appoints as lead plaintiff the movant who possesses the largest financial interest in the outcome of the action and who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Webb, with a loss of approximately $233,386 in connection with his purchases of SolarCity securities during the Class Period, has the largest financial interest in the relief sought in this action. Webb further satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure as he is an adequate representative with claims typical of the other Class members. Accordingly, Webb respectfully submits that he should be appointed Lead Plaintiff.

## II. STATEMENT OF FACTS

SolarCity purports to sell renewable energy to its customers at prices below utility rates, primarily through the leasing or sale of solar energy systems. The Company claims that its long-term agreements generate recurring customer payments and position SolarCity to provide a growing base of customers with energy-related products and services that lower their energy costs. The Company offered its shares to the public for the first time in December 2012, and commenced a secondary offering in October 2013.

The Company operates in two primary segments, Operating Leases ("Leasing") and Solar Energy Systems Sales ("Sales"). Both segments receive a significant amount of revenues over recurring periods through customer payments, investment tax credits, accelerated tax depreciation and other incentives.

Throughout the relevant period, including at the time prior and subsequent to the Company's initial public offering, defendants incorrectly accounted for expenses associated with the Company's larger Sales segment, and failed to properly allocate expenses between the Sales and Leasing segments. The Company, which was under pressure from investors to demonstrate the strength of its solar energy

1

NOTICE OF MOTION AND MOTION OF JAMES WEBB FOR APPPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL – NO. 14-CV-1435-BLF

operations, improperly allocated expenses between its two reporting segments in order to hide the Sales segment's ballooning expenses, thereby inflating the segment's reported gross margins.

On March 3, 2014, the Company announced that it had discovered an error in its financial reporting, and discovered tens of millions in overhead expenses that it had incorrectly classified. On this news, SolarCity securities declined $1.70 per share, or over 2%, to close at $83.26 per share on March 3, 2014. The severity of the Company's financial manipulations became more apparent on March 18, 2014, when the Company issued a press release stating that "[t]he net impact was a reallocation of overhead expenses from Operating Leases to Solar Energy System Sales totaling $16.2 million for the first three quarters of 2013 and $20.4 million for the full year 2012."

Also, that same day, the Company filed an 8-K report informing investors that its prior financial statements for the annual periods ended December 31, 2010, 2011 and 2012 should no longer be relied upon. On this news, the Company's shares fell an additional $4.40, or almost 6%, to close on March 19, 2014 at $72.70 per share on unusually high trading volume.

As a result of defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## III. ARGUMENT

### A. WEBB SHOULD BE APPOINTED LEAD PLAINTIFF

Section 21D(a)(3)(B) of the PSLRA sets forth procedures for the selection of lead plaintiff in class actions brought under the Exchange Act. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of a class action by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. *See* 15 U.S.C. § 78u-4(a)(3)(B)(i) & (ii).

Further, under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), the Court is directed to consider all motions by plaintiffs or purported class members to appoint a lead plaintiff filed in response to any such notice.

2

NOTICE OF MOTION AND MOTION OF JAMES WEBB FOR APPPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL – NO. 14-CV-1435-BLF

Under this section, the Court "shall" appoint "the presumptively most adequate plaintiff" to serve as lead plaintiff and shall presume that plaintiff is the person or group of persons, that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Webb satisfies all three of these criteria, and thus is entitled to the presumption that he is the most adequate plaintiff of the Class and, therefore, should be appointed Lead Plaintiff for the Class. *See Erikson v. Cornerstone Propane Partners LP*, 2003 U.S. Dist. LEXIS 18009, at *8-*9 (N.D. Cal. Sept. 9, 2003); *Squyres v. Union Texas Petroleum Holdings, Inc.*, 1998 U.S. Dist. LEXIS 22945, at *5 (C.D. Cal. Nov. 2, 1998); *Osher v. Guess, Inc.*, 2001 U.S. Dist. LEXIS 6057, at *11 (C.D. Cal. Apr. 26, 2001).

### 1. Webb Is Willing to Serve as Class Representative

On March 28, 2014, counsel in this action caused a notice (the "Notice") to be published over *GlobeNewswire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA, which announced that a securities class action had been filed against the defendants herein, and advised investors of SolarCity securities that they had until May 27, 2014, to file a motion to seek appointment as Lead Plaintiff. *See* Declaration of Michael Goldberg in Support of Webb's Motion for Appointment as Lead Plaintiff and Approval of Lead and Liaison Counsel ("Goldberg Decl."), Ex. A.

Webb has filed the instant motion pursuant to the Notice, and has attached a Certification attesting that he is willing to serve as a class representative for the Class and provide testimony at deposition and trial, if necessary. *See* Goldberg Decl., Ex. B. Accordingly, Webb satisfies the first requirement to serve as Lead Plaintiff for the Class.

3

NOTICE OF MOTION AND MOTION OF JAMES WEBB FOR APPPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL – NO. 14-CV-1435-BLF

### 2. Webb Has the "Largest Financial Interest"

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii), *In re Gemstar-TV Guide Int'l. Sec. Litig.*, 209 F.R.D. 447, 450 (C.D. Cal. 2002).

As of the time of the filing of this motion, Webb believes that he has the largest financial interest of any of the Lead Plaintiff movants based on the four factors articulated in the seminal case *Lax v. First Merchants Acceptance Corp.*, 1997 WL 461036 (N.D. Ill. Aug. 11, 1997) (financial interest may be determined by (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered) (the "*Lax-Olsten*" factors).[1]

During the Class Period, (1) Webb purchased 37,121 shares of SolarCity common stock; (2) expended $2,973,410 on his purchases of SolarCity stock; (3) retained 12,633 shares of his SolarCity stock; and, (4) as a result of the revelations of the fraud, suffered a loss of $233,386. *See* Goldberg Decl., Ex. C. Because Webb possesses the largest financial interest in the outcome of this litigation, he may be presumed to be the "most adequate" plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb); *see also In re McKesson HBOC, Inc. Sec. Litig.*, 97 F. Supp. 993 (N.D. Cal. 1999); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 296 (E.D.N.Y. 1998); *Lax*, 1997 WL 461036, at *5.

### 3. Webb Otherwise Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d Cir. 2001), *cert. denied*, 535 U.S. 929 (2002). Rule 23(a) generally provides that a

---

[1] *See also In re Olsten Corp. Sec. Litig.,* 3 F. Supp.2d 286, 296 (E.D.N.Y. 1998). *Accord In re Comverse Tech., Inc., Sec. Litig.*, 2007 U.S. Dist. LEXIS 14878, at *22-*25 (E.D.N.Y. Mar. 2, 2007).

4

NOTICE OF MOTION AND MOTION OF JAMES WEBB FOR APPPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL – NO. 14-CV-1435-BLF

class action may proceed if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that lead plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification; instead a prima facie showing that the movant satisfies the requirements of Rule 23 is sufficient. *Aronson*, 79 F. Supp. 2d at 1158 (N.D. Cal. 1999) (citing *Wenderhold v. Cylink Corp.*, 188 F.R.D.577, 587 (N.D. Cal. 1999)). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998) (citing *Gluck v. Cellstar Corp.*, 976 F. Supp. 542, 546 (N.D. Tex. 1997)); *Olsten*, 3 F. Supp. 2d at 296.

The typicality requirement of Fed. R. Civ. P. 23(a)(3) is satisfied where the named representative's claims has the "same essential characteristics as the claims of the class at large." *Danis v. USN Communs., Inc.*, 189 F.R.D. 391, 395 (N.D. Ill. 1999); *see also In re Sterling Financial Corp.*, 2007 WL 4570729, at *4 (E.D. Pa. Dec. 21, 2007) (noting that the "typicality requirement is satisfied if the plaintiff, as a result of the same course of conduct, suffered the injuries as the absent class members, and their claims are based on the same legal issues."). In other words, "the named plaintiffs' claims [must be] typical, in common-sense terms, of the class, thus suggesting that the incentives of the plaintiffs are aligned with those of the class." *Beck v. Maximus, Inc.*, 457 F.3d 291, 295-96 (3d Cir. 2006) (quoting *Baby Neal v. Casey*, 43 F.3d 48, 55 (3d Cir. 1994) (noting that "factual differences will not render a claim atypical if the claim arises from the same event or practice or course of conduct that gives rise to the claims of the class members, and if it is based on the same legal theory.")).

Webb's claims are typical of those of the Class. Webb alleges, as do all class members, that defendants violated the Exchange Act by making what they knew or should have known were false or misleading statements of material facts concerning SolarCity, or omitted to state material facts

5

NOTICE OF MOTION AND MOTION OF JAMES WEBB FOR APPPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL – NO. 14-CV-1435-BLF

necessary to make the statements they did make not misleading. Webb, as did all members of the Class, purchased SolarCity securities during the Class Period at prices artificially inflated by defendants' misrepresentations or omissions and was damaged upon the disclosure of those misrepresentations and/or omissions. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class's claims, satisfy the typicality requirement of Rule 23(a)(3).

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class." Accordingly,

> The Ninth Circuit has held that representation is "adequate" when counsel for the class is qualified and competent, the representative's interests are not antagonistic to the interests of absent class members, and it is unlikely that the action is collusive.

*Takeda*, 67 F. Supp. 2d at 1137 (citing *In re Northern Dist. Of Cal., Dalkon Shield IUD Prod. Liab. Litig.*, 693 F.2d 847, 855 (9th Cir. 1982)). *Accord Lerwill v. Inflight Motion Pictures, Inc.*, 582 F.2d 507, 512 (9th Cir. 1978).

The class representative must also have "sufficient interest in the outcome of the case to ensure vigorous advocacy." *Riordan v. Smith Barney*, 113 F.R.D. 60, 64 (N.D. Ill. 1986); *see also Sterling*, 2007 WL 4570729, at *4 (highlighting that the adequacy requirement is satisfied when "both the class representative and its attorneys are capable of satisfying their obligations, and neither has interests conflicting with those of the other class members.").

Webb will adequately represent the interests of the Class. There is no antagonism between Webb's interests and those of the Class, and his losses demonstrate that he has a sufficient interest in the outcome of this litigation. Moreover, Webb has retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as this action, and submits his choice to the Court for approval pursuant to 15 U.S.C. § 78u 4(a)(3)(B)(v).

6

NOTICE OF MOTION AND MOTION OF JAMES WEBB FOR APPPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL – NO. 14-CV-1435-BLF

### 4. Webb Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Any Unique Defenses

The presumption in favor of appointing Webb as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

> (aa)  will not fairly and adequately protect the interest of the class; or
>
> (bb)  is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(I).

Webb's ability and desire to fairly and adequately represent the Class have been discussed above. Webb is not aware of any unique defenses defendants could raise that would render him inadequate to represent the Class. Accordingly, Webb should be appointed Lead Plaintiff for the Class.

### B. LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Osher*, 2001 U.S. Dist. LEXIS 6057, at *15. The Court should interfere with a lead plaintiff's selection only when necessary "to protect the interests of the class." 15 U.S.C.§ 78u-4(a)(3)(B)(iii)(II)(aa). *See Cendant*, 264 F.3d at 276 (emphasizing that the PSLRA "evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention.").

Here, Webb has selected Pomerantz as Lead Counsel and Glancy as Liaison Counsel. Pomerantz and Glancy are highly experienced in the area of securities litigation and class actions, and have successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in the firms' resumes. *See* Goldberg Decl., Exs. D and E. As a result of the firms' extensive experience in litigation involving issues similar to those raised in this action, Webb's counsel have the skill and knowledge which will enable them to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Webb's selection of Counsel, the members of the class will receive the best legal representation available.

7

NOTICE OF MOTION AND MOTION OF JAMES WEBB FOR APPPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL – NO. 14-CV-1435-BLF

## IV. CONCLUSION

For the foregoing reasons, Webb respectfully requests the Court to issue an Order: (1) appointing Webb as Lead Plaintiff; (2) approving Pomerantz as Lead Counsel and Glancy as Liaision Counsel for the Class; and (3) granting such other relief as the Court may deem to be just and proper.

Dated: May 27, 2014

**GLANCY BINKOW & GOLDBERG LLP**
  /s/ *Michael Goldberg*
Lionel Z. Glancy (SBN #134180)
Michael Goldberg (SBN #188669)
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile:  (310) 201-9160
Email: info@glancylaw.com

**POMERANTZ LLP**
Jeremy A. Lieberman
Francis P. McConville
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: 212-661-1100
Facsimile:  212-661-8665

-and-

Patrick V. Dahlstrom
10 South LaSalle Street, Suite 3505
Chicago, IL 60603
Telephone: 312-377-1181
Facsimile:  312-377-1184

*Counsel for Movant and Proposed Lead and Liason Counsel for the Class*

8

NOTICE OF MOTION AND MOTION OF JAMES WEBB FOR APPPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL – NO. 14-CV-1435-BLF

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 1925 Century Park East, Suite 2100, Los Angeles, CA 90067.

On May 27, 2014, I served true copies of the following document(s) described as **NOTICE OF MOTION AND MOTION OF JAMES WEBB FOR APPPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** on the interested parties in this action as indicated on the Court's ECF Service List as follows:

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on May 27, 2014, at Los Angeles, California.

*s/Michael M. Goldberg*
Michael M. Goldberg

---

NOTICE OF MOTION AND MOTION OF JAMES WEBB FOR APPPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL – NO. 14-CV-1435-BLF