**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| TAI JAN BAO, ET AL.,<br><br>Plaintiffs,<br><br>v.<br><br>SOLARCITY CORPORATION, et al.,<br><br>Defendants. | Case No. 14-cv-01435-BLF<br><br>**ORDER DENYING DEFENDANTS' MOTION TO AMEND THE JUDGMENT**<br><br>[Re: ECF 91] |

Defendants SolarCity Corporation ("SolarCity" or the "Company"), Lyndon R. Rive, and Robert D. Kelly (Rive and Kelly collectively, "Individual Defendants") (Individual Defendants and Solar City collectively, "Defendants") request that this Court amend its judgment by imposing sanctions. Mot., ECF 91. Having conducted a careful post-judgment review of the attorneys' conduct for compliance with Federal Rule of Civil Procedure 11(b), the Court finds that Plaintiffs' representations to the court were proper and nonfrivolous, though ultimately unpersuasive. *See* 15 U.S.C. §78(u)-4(c)(1). Because the Court, having conducted the inquiry mandated by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), concludes that sanctions are not warranted, it hereby DENIES Defendants' motion to amend the judgment.

**I.   BACKGROUND**

Lead Plaintiffs James Web and Tai Jan Bao ("Plaintiffs") brought this suit seeking to represent a putative class of investors who purchased SolarCity securities between December 12, 2012, and March 18, 2014 ("Class Period"). Third Am. Compl. ("TAC") ¶¶ 1, 19, ECF 78. Plaintiffs alleged that during this time, Defendants manipulated an accounting formula to "portray the illusion of profitability" by shifting overhead costs from sales, where they would be recognized immediately, to leases, where they would be amortized over a twenty-year period. *Id.*

¶¶ 58, 71.  Specifically, Plaintiffs alleged that Defendants inflated a ratio used to allocate overhead costs to leases ("burden ratio") by including the prior period's overhead costs in the numerator, but excluding the prior period's direct costs from the denominator.  *Id.* ¶¶ 71–72.  This formula change did not affect the company's allocation of direct costs between sales and leases, but did cause an inflated portion of overhead costs to be attributed to leases.  Plaintiffs alleged that this error in the burden ratio violated Generally Accepted Accounting Principles ("GAAP") and enabled Defendants to overstate sales gross margins for seven consecutive quarters.  *Id.* ¶¶ 31–33, 61–63.

Plaintiffs filed this suit on March 28, 2014, shortly after SolarCity announced that it had discovered an error in the aforementioned formula and filed its Form 10-K for the fiscal year ending December 31, 2013, which included the restated financials from the relevant periods.  *See generally* Compl., ECF 1.  On October 13, 2014, Plaintiffs filed the First Amended Complaint ("FAC"), asserting causes of action for alleged violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and SEC Rule 10b-5.  *See generally* FAC, ECF 56.  Plaintiffs alleged that Defendants had motive and an opportunity to conduct securities fraud.  Order Granting Mot. to Dismiss With Leave to Amend ("First Dismissal Order") 7, ECF 65.  Plaintiffs relied primarily on two confidential witnesses ("CWs"), both of whom left SolarCity before the Class Period, to suggest that the Individual Defendants knew of or deliberately disregarded the accounting error.  FAC ¶¶ 38, 39.  The Court heard arguments on Defendants' motion to dismiss the FAC on April 16, 2015, and granted Defendants' motion with leave to amend finding that the FAC lacked adequate factual allegations as to scienter, and thus the Court determined that the FAC did not satisfy the PSLRA's exacting pleading requirements.  ECF 61, First Dismissal Order 4–5.

Based on this Court's review of the FAC and consideration of Plaintiffs' remarks at the critical motion hearing, the Court encouraged Plaintiffs to submit a revised pleading that would incorporate the factual allegations that counsel represented Plaintiffs could allege.  Accordingly, Plaintiffs filed the Second Amended Complaint (SAC") on January 19, 2015.  *See generally* SAC, ECF 66.  The SAC missed the mark, but the SAC demonstrated additional investigation and

submission of eight new CWs to support Plaintiffs' allegations of scienter.  *See* Order Granting Mot. to Dismiss Second Am. Compl. With Leave to Amend ("Second Dismissal Order"), ECF 77.  Those CWs offered additional factual allegations, but still failed adequately to support scienter.  In the Court's view, the SAC was not frivolous.

Acceding to Plaintiffs' request for one more chance, the Court allowed the Third Amended Complaint ("TAC"), which was filed on February 15, 2016.  *See* TAC, ECF 78.  The TAC also failed to meet the exacting standards of the PSLRA.  In its final order granting the motion to dismiss, the Court noted that the TAC offered few additional factual allegations.  Order Granting Mot. to Dismiss Third Am. Compl. With Prejudice ("Third Dismissal Order") 10, ECF 81.

## II.     LEGAL STANDARD

Under the PSLRA 15 U.S.C. § 78u–4, "upon final adjudication of the action, the court shall include in the record specific findings regarding compliance by each party and each attorney representing any party with each requirement of Rule 11(b) of the Federal Rules of Civil Procedure as to any complaint, responsive pleading, or dispositive motion."  15 U.S.C. § 78u–4(c)(1).  The Court is required to impose sanctions if it finds that a Rule 11 violation occurred, with the presumptive amount of sanctions for a substantial failure to comply with Rule 11 being the opposing party's reasonable attorneys' fees and associated expenses.  15 U.S.C. §§ 78u–4(c)(2)–(3).

Rule 11(b), in turn, states that by presenting to the Court any pleading or other filing, an attorney certifies that to the best of the attorney's knowledge formed after an inquiry reasonable under the circumstances:

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of the litigation;
>
> (2) the claim, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence

3

        or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b)(1)–(4).

### III. DISCUSSION[1]

Defendants' principal argument is that Plaintiffs' complaint lacked any factual or evidentiary basis, and that Plaintiffs' counsel did not conduct a reasonable or competent inquiry into their factual allegations. Mot. 2. When, as here, the Rule 11 inquiry focuses on a complaint, the court "'must conduct a two-prong inquiry to determine (1) whether the complaint is legally or factually baseless from an objective perspective, and (2) if the attorney has conducted a reasonable and competent inquiry before signing and filing it.'" *Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005) (quoting *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002)); *Kelter v. Associated Fin. Grp., Inc.*, 382 Fed. Appx. 632, 633 (9th Cir. 2010) (same, applying standard in PSLRA context). In other words, a finding that a complaint is "frivolous" is appropriate if it "is *both* baseless *and* made without a reasonable and competent inquiry." *Holgate,* 425 F.3d at 676 (quoting *Moore v. Keegan Mgmt. Co (In re Keegan Mgmt. Co., Sec. Litig.)*, 78 F.3d 431, 434 (9th Cir. 1996)). "The reasonableness standard governing a Rule 11 inquiry is objective." *Kelter*, 382 Fed. Appx. at 633 (citing *G.C. and K.B. Invs., Inc. v. Wilson*, 326 F.3d 1096, 1109 (9th Cir. 2003)).

In reviewing the various iterations of the complaint, the Court agreed with SolarCity that Plaintiffs failed to allege facts supporting a strong inference of scienter, and accordingly granted the motions to dismiss. Nevertheless, the Court cannot agree that sanctions are warranted under the PSLRA framework. Although Defendants contend that Plaintiffs' complaint lacked any factual or evidentiary basis to allege that Defendants were aware of the error in SolarCity's accounting formula, *see* Mot. 6, Plaintiffs' factual contentions were not devoid of evidentiary support. Plaintiffs attempted to present a holistic image of scienter through their use of CWs and facts suggesting both motive and opportunity. *See* Opp'n 15, ECF 95; *see also Cal. Architectural Bldg. Prods. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1472 (9th Cir. 1997) (finding plaintiff's

---

[1] Finding sanctions unwarranted, the Court declines to address whether the safe harbor provision found in Fed. R. Civ. P. 11 applies in this context. *See* Opp'n 14; Reply ISO Mot. 2, ECF 99.

evidence on summary judgment weak, but "not so baseless" and "so lacking in plausibility" that sanctions ought to be imposed). Although the Court concluded that these factual allegations did not, individually or as a whole, "give rise to a strong inference of scienter [that] is as 'cogent and at least as compelling as any opposing inference of nonfraudulent intent,'" Second Dismissal Order 13 (citation omitted), the Court allowed a third opportunity to correct the identified deficiencies. Plaintiffs' successive versions of the complaint did not raise the types of objectively baseless and frivolous claims that have been the subject of fee awards. *See, e.g.*, *Patton v. Cty. of Kings*, 857 F.2d 1379, 1381–82 (9th Cir. 1988) (affirming an award of fees where a plaintiff raised one claim that was directly contrary to established precedent, and a second claim without citing any authority in support); *Song FI, Inc. v. Google, Inc.*, No. C 14-5080, 2016 WL 4180214 (N.D. Cal. Aug. 8, 2016) (granting in part motion for sanctions under Rule 11 after finding plaintiffs allegations were objectively baseless, plaintiffs presented "no evidence" to support their allegations, and because defendants showed that a reasonable investigation would have uncovered the truth); *ITI Internet Servs., Inc. v. Solana Capital Partners, Inc.*, No. C05-2010Z, 2007 WL 666593, at *7 (W.D. Wash. Feb. 27, 2007) (awarding sanctions where plaintiffs claimed the conducted extensive research before filing their complaint but filed no declarations, time sheets, or any other documentation of work effort supporting this assertion). Moreover, the Court is not persuaded that the TAC, or any other iteration of the complaint, was frivolous or offered in bad faith.

Finally, Plaintiffs' counsel have adequately demonstrated that they undertook a reasonable investigation, which included (1) retaining a licensed investigation firm with substantial experience in securities-related investigations to conduct interviews of former SolarCity employees; (2) carefully reviewing the memoranda prepared by the investigative firm, and, where needed, requesting that the investigators seek further information from witnesses; (3) reviewing the Company's SEC filings and press releases, and news articles, presentations, and analyst reports concerning SolarCity; and (4) retaining experts to review the Company's restatement and opine on the reasons underlying the restatement. Opp'n 22; Gilmore Decl. ¶ 8; *see DeMarco v. Depotech Corp.*, 131 F. Supp. 2d 1185, 1188 (S.D. Cal. 2001) (finding where a plaintiff's attorney

conducts factual research and proffers reasonable arguments that counsel reasonably believed presented a legally redressable harm under the federal securities law, sanctions are improper). Defendants ask the Court to find that "to the extent any investigation *was* conducted, Plaintiff ignored what that investigation confirmed: that no facts supported his allegations." Reply ISO Mot. 6. This misconstrues the standard. *See, e.g.*, *DeMarco*, 131 F. Supp. 2d at 1188; *cf. Benedict v. Hewlett- Packard Co.*, No. 13-cv-119, 2014 WL 234207, at*5 (N.D. Cal. Jan. 21, 2014) ("Rule 11 sanctions are appropriate if the allegations and other factual contentions entirely lack evidentiary support." (citation and internal quotation marks omitted)). Indeed, the factual contentions did not entirely lack evidentiary support; the Court merely concluded that they did not rise to the level required by the PSLRA.

The fact that Plaintiffs' complaint was unsuccessful is not enough to warrant Rule 11 sanctions. *See In re Tesla Motors, Inc. Sec. Litig.*, No. 13-cv-5216, 2015 WL 1306490 (N.D. Cal. Mar. 23, 2015) (denying motion to amend judgment by imposing sanctions despite having granted defendants' motion to dismiss). Accordingly, the Court DENIES Defendants motion to amend the judgment.[2]

**IT IS SO ORDERED.**

Dated: March 6, 2017

_____
BETH LABSON FREEMAN
United States District Judge

---

[2] Plaintiffs ask that the Court order Defendants to pay their attorneys' fees that were incurred in opposing Defendants' request for sanctions. Opp'n 23. The Court declines to exercise its discretion in this manner, finding that Defendants properly presented valid concerns to the Court, and DENIES Plaintiffs' request.